1  BRIGGS LAW CORPORATION [FILE: 1248.09]
   Cory J. Briggs (State Bar no. 176284)
2  E-mail: service@briggslawcorp.com
   99 East "C" Street, Suite 111
3  Upland, CA 91786
   Telephone: 909-949-7115
4  Facsimile: 909-949-7121

5  LAWYERS FOR CLEAN WATER, INC.
   Daniel G. Cooper (State Bar no. 153576)
6  E-mail: cleanwater@sfo.com
   Layne Friedrich (State Bar no. 195431)
7  Martin McCarthy (State Bar no. 194915)
   1004-A O'Reilly Avenue
8  San Francisco, CA 94129
   Telephone: 415-440-6520
9  Facsimile: 415-440-4155

10 Attorneys for Plaintiff Inland Empire Waterkeeper,
     a chapter of Orange County Coastkeeper

11

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15 ────────────────────────────
   INLAND EMPIRE WATERKEEPER, )
16 a chapter of ORANGE COUNTY  )   CASE NO. EDCV 07-00479DDP(FMOx)
   COASTKEEPER, a non-profit   )
17 corporation,                )   **CONSENT DECREE AND**
                               )   **DISMISSAL**
18         Plaintiff,          )
                               )
19      vs.                    )
                               )
20 FOOD FOR LIFE BAKING        )
   COMPANY, a California corporation, )
21                             )
           Defendant.          )
   ────────────────────────────
22

23

24

25      This Consent Decree and Dismissal ("Consent Decree") is being made on July

26 10, 2008 ("Execution Date"), by and between Plaintiff Inland Empire Waterkeeper,

27 a chapter of Orange County Coastkeeper ("Waterkeeper"), on the one hand; and

28 Defendant Food for Life Baking Company ("FFL"), on the other hand.

The Parties are entering into this Consent Decree to achieve a full and final settlement of Waterkeeper's claims against FFL in this proceeding. (Throughout this Consent Decree, Waterkeeper and FFL are collectively identified as the "Parties.")

## I. BACKGROUND RECITALS

1.01.   Waterkeeper is a California non-profit corporation dedicated to the preservation, protection, and defense of the environment, wildlife, and natural resources of the Inland Empire and Orange County.

1.02.   FFL is a California corporation engaged in the business of baking organic breads and other whole-grain bakery products in the City of Corona, California.

1.03.   Pursuant to the Federal Water Pollution Control Act ("Clean Water Act" or "Act"), 33 U.S.C. § 1251 *et seq.*, and Chapter 13.08 of the Corona Municipal Code (the "Ordinance"), the City of Corona has issued a pretreatment permit ("Pretreatment Permit") to FFL to regulate its discharges of wastewater from its facility located at 2991 East Doherty in Corona, California ("FFL's Facility"), into the municipality's publicly owned treatment works ("POTW").

1.04.   On April 23, 2007, Waterkeeper commenced this proceeding against FFL ("Civil Action").   In general terms, Waterkeeper's complaint alleges that FFL has violated the terms of its Pretreatment Permit, the Ordinance, and the categorical pretreatment regulations set forth at Subchapter N of Chapter 1 of Title 40 of the Code of Federal Regulations, and thereby violated the Clean Water Act.   FFL filed an answer to Waterkeeper's complaint.   In general terms, FFL's answer denies all the material allegations in the complaint.

1.05.   The Parties desire to settle the Civil Action once and for all in order to avoid the expense, delay, and uncertainty of litigation and without admitting any liability.   The specific terms and conditions of this Consent Decree, as set forth in detail below, are intended to satisfy Waterkeeper's and FFL's respective desires.

1

## II. JURISDICTIONAL PROVISIONS

2      2.01.  Jurisdiction.  The Court has jurisdiction over the Civil Action for the

3   purposes of enforcement of this Consent Decree pursuant to Section 505(a) of the

4   Clean Water Act, 33 U.S.C. § 1365(a), and pursuant to Section 1331 of Title 28 of the

5   U.S. Code.

6      2.02.  Standing.  Waterkeeper has standing under Article III of the U.S.

7   Constitution to seek enforcement by the Court of the terms and conditions of this

8   Consent Decree.  FFL waives all objections to Waterkeeper's standing with respect

9   to this Consent Decree.

10      2.03.  Venue.  Venue is proper in the Central District of California.

11

12

## III. COMPLIANCE AND OVERSIGHT PROVISIONS

13      3.01. Compliance with Applicable Wastewater Discharge Standards. Beginning

14   on the Effective Date (defined below) and for as long as this Consent Decree is in

15   effect ("Compliance Period"), FFL shall comply with any and all Applicable

16   Wastewater Discharge Standards under the Clean Water Act.  As used in this Consent

17   Decree, the term "Applicable Wastewater Discharge Standard" includes any

18   quantitative limitation on wastewater discharges to the POTW applicable to FFL at

19   FFL's Facility as set forth in (*i*) Chapter 13.08 of the Corona Municipal Code (as

20   amended from time to time), including each and every Pretreatment Permit issued

21   thereunder to FFL; (*ii*) the Porter-Cologne Water Quality Control Act (as amended

22   from time to time); and (*iii*) Subchapters D and N of Chapter I of Title 40 of the Code

23   of Federal Regulations (as amended from time to time).   However, the term

24   "Applicable Wastewater Discharge Standard" excludes any standard governing

25   wastewater discharges in any agreement between FFL and the City of Corona that is

26   not incorporated directly into the Pretreatment Permit or that is less stringent than the

27   wastewater discharge standards set forth in Chapter 13.08 of the Corona Municipal

28   Code or Subchapter N of Chapter 1 of Title 40 of the Code of Federal Regulations.

3.02. <u>Violation of an Applicable Wastewater Discharge Standard</u>. Except as otherwise provided in Paragraphs 3.06 and 3.07, a "Violation" shall have occurred if the result of any laboratory analysis conducted by or at the direction of FFL indicates for a given wastewater discharge that FFL has failed to meet any Applicable Wastewater Discharge Standard during the Compliance Period.

3.03. <u>Payments for Violation of Applicable Wastewater Discharge Standards</u>. Each Violation shall constitute a separate occurrence of a Violation of this Consent Decree. Thus, for example, a concurrent discharge into the POTW of three regulated contaminants in excess of permitted levels would constitute three occurrences of a Violation. All Payments shall be calculated as a percentage of the "Maximum Payment." For purposes of this Consent Decree, the "Maximum Payment" shall be equal to the maximum civil judicial penalty authorized under Section 1319(d) of Title 33 of the U.S. Code and under Part 19 of Title 40 of the Code of Federal Regulations (as amended from time to time) at the time the Violation occurs; currently, the maximum civil judicial penalty is $32,500.00. For the first occurrence of a Violation of any Applicable Wastewater Discharge Standard during the Compliance Period, FFL shall make a one-time payment equal to one-fourth (25%) of the Maximum Payment. For the second occurrence of a Violation during the Compliance Period, FFL shall make a one-time payment equal to one-half (50%) of the Maximum Payment. For the third occurrence of a Violation during the Compliance Period, FFL shall make a one-time payment equal to three-fourths (75%) of the Maximum Payment. For the fourth occurrence of a Violation and every subsequent Violation during the Compliance Period, FFL shall make a one-time payment equal to the Maximum Payment (100%). Each payment shall be paid to the supplemental environmental project described in Article V below. Except as otherwise provided in Paragraphs 3.06 and 3.07, payment shall be made not more than 15 days after FFL receives notice from the laboratory of the Violation. Waterkeeper shall be given prompt notice of any Violation and of any payment for a Violation.

1    3.04. <u>Enforcement Following Third Violation</u>: At any time following FFL's
2    third Violation under this Consent Decree, Waterkeeper may invoke the dispute-
3    resolution provisions of Article VI below. Waterkeeper may seek any and all relief
4    authorized by law, including but not limited to injunctive relief, declaratory relief,
5    damages for harm to the environment, civil monetary penalties, and contempt
6    sanctions to redress past violations and to prevent future violations of this Consent
7    Decree.

8    3.05. <u>Reports</u>. For the duration of the Compliance Period, FFL shall provide
9    Waterkeeper with complete copies of all documents pertaining to FFL's wastewater
10   discharges (including but not limited to monitoring reports) that are submitted to the
11   U.S. Environmental Protection Agency, the State Water Resources Control Board, the
12   Regional Water Quality Control Board for the Santa Ana Region, the City of Corona,
13   or any other public agency. Such copies shall be provided to Waterkeeper at the same
14   time that the documents are submitted to the agency. FFL shall ensure that all
15   information contained in the documents is accurate to the best of FFL's knowledge.

16   3.06. <u>Conclusiveness of Laboratory Analyses and Monitoring Data</u>. If the result
17   of any laboratory analysis conducted by or at the direction of FFL indicates for a
18   given wastewater discharge sample that there has been a Violation of an Applicable
19   Wastewater Discharge Standard during the Compliance Period, the result shall be
20   conclusive evidence of a Violation unless (*i*) not more than fourteen days after
21   receiving the result, FFL notifies Waterkeeper in writing that FFL believes the result
22   to have been caused by an error in the collection, shipment, handling, or analysis of
23   the sample; (*ii*) the result of a different laboratory's analysis of a second
24   Contemporaneous Sample (defined below) indicates that there was no Violation; and
25   (*iii*) FFL collects and preserves a sufficient quantity of a third Contemporaneous
26   Sample to be analyzed upon Waterkeeper's request if Waterkeeper and FFL disagree
27   regarding the laboratory result finding a Violation. FFL's notification shall state the
28   reasons why a result was believed to be erroneous and shall include copies of the

1 result believed to be erroneous, the different laboratory's result indicating the absence

2 of a Violation, and any other evidence supporting FFL's belief. FFL's timely

3 provision to Waterkeeper of a different laboratory's result showing the absence of a

4 Violation shall temporarily suspend (effective as of the date of the discharge) FFL's

5 duty to make any applicable payment under Paragraph 3.03. If Waterkeeper does not

6 agree with FFL that the laboratory result finding a Violation was caused by an error

7 in the collection, shipment, handling, or analysis of the sample, then Waterkeeper

8 shall have up to thirty days from the date it receives FFL's notification either (*i*) to

9 inform FFL in writing that it disagrees and request that the third Contemporaneous

10 Sample be analyzed at a laboratory mutually agreeable to FFL and Waterkeeper; or

11 (*ii*) be deemed to have forever withdrawn its contention that there was a Violation.

12 If Waterkeeper does not inform FFL in writing that it disagrees and request that the

13 third Contemporaneous Sample be analyzed within the thirty-day period, or if the

14 laboratory analysis of the third Contemporaneous Sample confirms that there was no

15 Violation, then the temporary payment suspension shall become permanent.

16 Conversely, if the laboratory analysis of the third Contemporaneous Sample confirms

17 that there was a Violation, then the applicable payment shall be reinstated. Nothing

18 in this section 3.06 authorizes FFL to rely on the collection or preservation of samples

19 or the result of any laboratory analysis that was not performed in accordance with the

20 Clean Water Act. As used in this paragraph, "Contemporaneous Sample" shall mean

21 an additional sample of the given wastewater discharge that was (*i*) gathered at the

22 exact same time as the sample indicated to have been in Violation of an Applicable

23 Wastewater Discharge Standard; (*ii*) preserved for analysis in accordance with the

24 provisions of the Clean Water Act; and (*iii*) analyzed in accordance with the

25 provisions of the Clean Water Act.

26     3.07. *Force Majeure*. FFL is exempt from the requirement to make a payment

27 under Paragraph 3.03 if a *force majeure* prevents FFL's compliance with this Consent

28 Decree. As used in this paragraph, "*force majeure*" means (*i*) an earthquake,

1  wildfire, or other act of God; (*ii*) an act of war; (*iii*) other circumstances beyond
2  FFL's control that are not reasonably foreseeable and for which preventative
3  measures cannot reasonably be taken by FFL; or (*iv*) an upset as defined in Section
4  122.41(n) of Title 40 of the Code of Federal Regulations.  In order to demonstrate
5  that there is no Violation as the result of a *force majeure*, FFL must, not more than
6  fourteen days after receiving notice of a Violation (to the extent not prevented by the
7  *force majeure*), notify Waterkeeper in writing that FFL believes the Violation to have
8  been caused by a *force majeure*.  FFL's notification shall identify the particular
9  Violation believed to have been caused by a *force majeure* and shall include copies
10  of the laboratory result and all other evidence supporting FFL's belief.  FFL's timely
11  submission to Waterkeeper of evidence that the Violation was caused by a *force*
12  *majeure* shall temporarily suspend (effective as of the date of discharge) FFL's duty
13  to make any applicable payment under Paragraph 3.03.  If Waterkeeper does not agree
14  with FFL that the violation was caused by a *force majeure*, then Waterkeeper shall
15  have up to thirty days from the date it receives FFL's notification to inform FFL in
16  writing that it disagrees and to invoke the dispute-resolution provisions of Article VI
17  below, or be deemed to have forever withdrawn its contention that there was no *force*
18  *majeure*.  If Waterkeeper does not invoke the dispute-resolution provisions of Article
19  VI within the thirty-day period, or if the dispute-resolution process results in a finding
20  of the absence of a Violation, then the temporary payment suspension shall become
21  permanent.  Conversely, if the dispute-resolution process results in a finding of a
22  Violation, then the applicable payment shall be reinstated, beginning for calculation
23  purposes as of the date of the finding.  For purposes of determining whether a
24  particular discharge was caused by a *force majeure*, FFL shall have the burden of
25  proving, by a preponderance of the evidence, that the discharge was in fact caused by
26  a *force majeure*.
27    3.08. ~~Reimbursement for Compliance-Oversight Legal Expenses.  Not more~~
28  ~~than 10 days after the Effective Date (defined below), FFL shall cause a cashier's~~

1   ~~check in the amount of $10,000.00 to be issued to "Briggs Law Corporation Trust~~
2   ~~Account" on Waterkeeper's behalf for the purpose of reimbursing Waterkeeper for~~
3   ~~reasonable attorney fees, expert-witness fees, and other legal expenses incurred in~~
4   ~~connection with Waterkeeper's oversight of FFL's compliance with this Consent~~
5   ~~Decree. Waterkeeper's attorneys may bill against this amount for their work on~~
6   ~~behalf of Waterkeeper in overseeing FFL's compliance. At the end of the~~
7   ~~Compliance Period, any portion of the amount that was not used shall be paid to the~~
8   ~~supplemental environmental project described in Article V below. The entire amount~~
9   ~~shall be held by Briggs Law Corporation for 180 days after the Effective Date and~~
10  ~~subject to refund to FFL if and only if this Consent Decree is terminated under Option~~
11  ~~2 as set forth in Paragraph 7.13.~~ [*N.B.*: Paragraph 3.08 is deleted.]

12

13                    **IV. RELEASE AND DISMISSAL PROVISIONS**

14          4.01. <u>Mutual Release</u>. Except for claims regarding a Party's failure to comply
15  with any aspect of this Consent Decree, the Parties now release each other and their
16  respective managers, members, officers, directors, shareholders, employees, agents,
17  servants, and legal representatives from any and all claims under the Clean Water
18  Act, the Porter-Cologne Water Quality Control Act, or Chapter 13.08 of the Corona
19  Municipal Code, whether known or unknown, that were alleged or that could have
20  been alleged in the Civil Action up through and including the Execution Date of this
21  Consent Decree.

22          4.02. <u>Reservation of Public-Participation Rights</u>. Except to the extent of the
23  release set forth in Paragraph 4.01, nothing in this Consent Decree prohibits, and
24  nothing in it shall it be construed as prohibiting, Waterkeeper or FFL from
25  participating in or otherwise exercising any of their respective rights (*i*) under the
26  Clean Water Act, the Porter-Cologne Water Quality Control Act, or any other legal
27  authority; or (*ii*) in connection with any public proceeding pertaining to FFL or its
28  operations or wastewater discharges, including but not limited to formal or informal

1  proceedings of the U.S. Environmental Protection Agency, the State Water Resources
2  Control Board, the Regional Water Quality Control Board for the Santa Ana Region,
3  or the City of Corona.

4      4.03. Dismissal of Civil Action. Provided that the Court retains jurisdiction
5  over the Civil Action as requested below, the Civil Action shall be dismissed with
6  prejudice upon the Court's approval of this Consent Decree.

## V. FINANCIAL PROVISIONS

9      5.01. Supplemental Environmental Project. Not more than 10 days after the
10 Effective Date (defined below), FFL shall cause a cashier's check in the amount of
11 $35,000.00 to be issued to the Riverside-Corona Resource Conservation District
12 (4500 Glennwood Drive, Building A, Riverside, CA 92501) for the purpose of
13 funding a supplemental environmental project involving, in general terms, restoration
14 of riparian habitat in the Temescal Creek watershed, which is itself within the Santa
15 Ana River watershed.  The recipient's willingness to accept the funds for such
16 purpose has been confirmed in a letter issued to Waterkeeper and attached to this
17 Consent Decree as Exhibit "A".

18     5.02. Reimbursement of Waterkeeper's Legal Expenses: Not more than 10
19 days after the Effective Date, FFL shall cause a cashier's check in the amount of
20 $62,500.00 to be issued to "Briggs Law Corporation Trust Account" on
21 Waterkeeper's behalf for the purpose of reimbursing Waterkeeper for reasonable
22 attorney fees, expert-witness fees, and other legal expenses incurred in connection
23 with the Civil Action.

## VI. DISPUTE-RESOLUTION PROVISIONS

26     6.01. Informal Resolution of Disputes. If a dispute under this Consent Decree
27 arises, or if either Party believes that a breach of this Consent Decree has occurred,
28 the Parties shall meet and confer in good faith, either in person or via telephone,

1   within 14 days of receiving written notification of a request for such meeting.  During

2   the meet-and-confer process, the Parties shall discuss the dispute and use their best

3   efforts to resolve it informally.  If either Party fails to meet and confer or if the meet-

4   and-confer process does not resolve the dispute, then no sooner than 10 days later

5   either Party may initiate the formal dispute-resolution process set forth in Paragraph

6   6.02.  The Parties may, upon mutual written consent, extend the time to conduct or

7   complete any aspect of the meet-and-confer process.

8       6.02. <u>Formal Resolution of Disputes</u>: For any dispute not resolved through the

9   meet-and-confer process, the Parties' exclusive recourse shall be moving the Court

10   for an order enforcing the terms and conditions of this Consent Decree and for such

11   other relief as the Court deems appropriate ("Motion").  The Party filing the Motion

12   may request expedited review of the Motion, and the non-filing Party shall join in any

13   such request.  If Judge Dean D. Pregerson is not available to rule on the Motion, it

14   may be assigned to another judge pursuant to the Court's applicable rules.

15       6.03. <u>Legal Expenses</u>: The successful Party shall be entitled to recover all legal

16   expenses incurred in connection with the Motion proceeding, including reasonable

17   attorney fees and expert-witness fees, consistent with Section 505(d) of the Clean

18   Water Act, 33 U.S. C. § 1365(d).

19       6.04. <u>Exclusivity of Dispute-Resolution Provisions</u>.  The provisions of this

20   Article set forth the exclusive judicial remedy available to the Parties in the event of

21   any dispute pertaining to or any breach of this Consent Decree.  Accordingly, no

22   Party may initiate any judicial proceeding or pursue any judicial remedy within the

23   scope of this Consent Decree except in accordance with the provisions of this Article.

24

25   **VII. GENERAL PROVISIONS**

26       7.01. <u>Integration</u>: This Consent Decree constitutes and contains the entire

27   agreement and understanding between the Parties concerning the subject matter of the

28   Consent Decree.  Unless otherwise expressly stated in this Consent Decree, it

supersedes and replaces all prior negotiations and all agreements--whether proposed or accepted, written or oral--concerning its subject matter.

7.02. <u>Mutual Drafting, Use of Titles</u>: The Parties participated equally in negotiating and drafting this Consent Decree, and nothing in it shall be construed against any particular Party on the basis that this Consent Decree was drafted by that Party. Headings and titles are used throughout this Consent Decree solely for the convenience of the Parties and are not an integral part of it.

7.03. <u>Waiver, Remedy Selection</u>: No waiver of any breach of any term or condition of this Consent Decree shall be, nor shall it be construed to be, a waiver of any other breach of this Consent Decree, and no waiver shall be binding unless made in writing and signed by the Party waiving the breach. A Party's pursuit or enforcement of fewer than all available remedies in the event of any breach of this Consent Decree shall not preclude that Party from pursuing or enforcing other or all available remedies in the event of any other breach of this Consent Decree.

7.04. <u>Efficacy of Copy</u>: This Consent Decree may be executed in counterparts, and each executed counterpart shall have the efficacy of a signed original. Photographic duplications of executed counterparts may be used, in the absence of any genuine issue as to their authenticity, in lieu of originals for any purpose. Each Party's executing signature may be transmitted to the other electronically or via facsimile, and such signature shall have the same effect as an original signature.

7.05. <u>Advice of Counsel</u>: Each of the Parties has read this Consent Decree in its entirety and has had a reasonable opportunity to consult with counsel regarding the nature of this Consent Decree and the fairness and propriety of its terms and conditions. Each Party agrees to the terms and conditions of this Consent Decree knowingly and voluntarily.

7.06. <u>Legal Expenses</u>: Except as expressly provided elsewhere in this Consent Decree, the Parties shall each bear their respective attorney fees, expert-witness fees,

and other legal expenses incurred in connection with the Civil Action and this Consent Decree.

7.07. <u>Authority to Bind</u>: Each person signing this Consent Decree represents that he or she has full authority to bind the Party on whose behalf the person signs.

7.08. <u>Persons/Entities Bound</u>: This Consent Decree shall be binding on and inure to the benefit of the Parties, jointly and severally, in every capacity whatsoever, and to their successors, assigns, managers, members, officers, directors, shareholders, employees, agents, servants, and legal representatives.

7.09. <u>Notices</u>: Any and all notices or other communications required or permitted by this Consent Decree or by law to be served on or given to any of the Parties shall, unless otherwise required by law, be in writing and be deemed duly served and given (*i*) when personally delivered to the Party to whom it is directed; or (*ii*) when deposited with the United States Postal Service and sent via certified mail (return receipt requested), first-class postage prepaid, fax, or email.  The following addresses shall be used for any and all notices:

> For Waterkeeper     Executive Director
> Inland Empire Waterkeeper
> 3741 Merced Drive, Unit F2
> Riverside, CA 92503
> Fax: (951) 689-6273
> E-mail: garry@coastkeeper.org
>
> *and*
>
> Daniel Cooper
> Lawyers for Clean Water
> 1004-A O'Reilly Avenue
> San Francisco, CA 94129
> Fax: (415) 440-4155
> E-mail: cleanwater@sfo.com
>
> *and*
>
> Cory J. Briggs
> Briggs Law Corporation
> 99 East "C" Street, Suite 111
> Upland, CA 91786
> Fax: (909) 949-7115
> E-mail: service@briggslawcorp.com

1  For FFL                      President
                               Food for Life Baking Company
2                              2991 East Doherty
                               Corona, CA  92879
3                              Fax:
                               E-mail:
4
                               *and*
5
                               Beth S. Dorris
6                              Best, Best & Krieger LLP
                               300 South Grand Avenue, 25th Floor
7                              Los Angeles, CA  90071
                               Fax: (213) 617-7480
8                              E-mail: beth.dorris@bbklaw.com

9  However, any Party may change the address to which notices or other

10 communications are to be given under this Consent Decree by sending a notice of the

11 change to the other Party at its last address to have been designated under this

12 Consent Decree.

13     7.10. Agency Review.  Waterkeeper shall submit this executed Consent Decree

14 to the U.S. Environmental Protection Agency and the U.S. Department of Justice for

15 the 45-day review-and-comment period prescribed by Section 135.3 of Title 40 of the

16 Code of Federal Regulations.

17     7.11. Court Approval.  If for any reason the Court declines to approve this

18 Consent Decree in the form presented, the Parties shall work together to modify the

19 Consent Decree so that it is acceptable to the Court.  If the Parties are unable to agree

20 upon modifications within 30 days, the disagreement shall be subject to the dispute-

21 resolution provisions set forth in Article VI above.

22     7.12. Effective Date.  This Consent Decree shall take effect on the date that the

23 Court approves it following the 45-day review-and-comment period by the

24 Environmental Protection Agency and Department of Justice ("Effective Date").  All

25 obligations under this Consent Decree shall begin upon the Effective Date of this

26 Consent Decree except as otherwise stated in this Consent Decree.

27     7.13. Term.  This Consent Decree shall be in effect for three years from the

28 Effective Date ("Term").  However, FFL shall have two options for seeking to have

1  this Consent Decree terminated early.  Under Option 1, FFL may move the Court to
2  terminate this Consent Decree if FFL demonstrates that it has continuously complied
3  with the Pretreatment Permit, the Ordinance, and the Clean Water Act for two full
4  years commencing with the Effective Date of this Consent Decree.  Alternatively,
5  under Option 2, FFL may, not more than 180 days after the Effective Date, move the
6  Court to terminate this Consent Decree if FFL (*i*) implements, within the
7  aforementioned 180-day period, a treatment method that does not require the
8  continuation of FFL's Pretreatment Permit under the Ordinance or the Clean Water
9  Act; and (*ii*) satisfactorily demonstrates that its coverage under the Pretreatment
10  Permit has been lawfully terminated.  During the Term, the Parties' exclusive
11  recourse for resolving disputes between them regarding the terms and conditions of
12  or any Party's compliance with this Consent Decree shall be the dispute-resolution
13  provisions set forth in Article VI above.

14      7.14. <u>Modification of Consent Decree</u>.  This Consent Decree shall not be
15  amended or otherwise modified except by a written agreement signed by a duly
16  authorized representative of each Party and approved by the Court.

17      7.15. <u>Continuing Jurisdiction</u>.  The Parties desire for and now request the Court
18  to retain jurisdiction over the Civil Action to enforce the terms and conditions of this
19  Consent Decree and to resolve any and all disputes arising under it.

20      We have read and agree to the foregoing in its entirety.

21
22  Dated: July ___, 2008.      INLAND EMPIRE WATERKEEPER, a
                                Chapter of ORANGE COUNTY
                                COASTKEEPER
23
24                         By:  _____
                                Garry Brown, Executive Director
25
26  Dated: July ___, 2008.      FOOD FOR LIFE BAKING COMPANY
27
28                         By:  _____
                                _____, President

Page 14
- - - - -
Consent Decree and Dismissal

1    this Consent Decree terminated early. Under Option 1, FFL may move the Court to
2    terminate this Consent Decree if FFL demonstrates that it has continuously complied
3    with the Pretreatment Permit, the Ordinance, and the Clean Water Act for two full
4    years commencing with the Effective Date of this Consent Decree. Alternatively,
5    under Option 2, FFL may, not more than 180 days after the Effective Date, move the
6    Court to terminate this Consent Decree if FFL (*i*) implements, within the
7    aforementioned 180-day period, a treatment method that does not require the
8    continuation of FFL's Pretreatment Permit under the Ordinance or the Clean Water
9    Act; and (*ii*) satisfactorily demonstrates that its coverage under the Pretreatment
10   Permit has been lawfully terminated. During the Term, the Parties' exclusive
11   recourse for resolving disputes between them regarding the terms and conditions of
12   or any Party's compliance with this Consent Decree shall be the dispute-resolution
13   provisions set forth in Article VI above.

14         7.14. <u>Modification of Consent Decree</u>. This Consent Decree shall not be
15   amended or otherwise modified except by a written agreement signed by a duly
16   authorized representative of each Party and approved by the Court.

17         7.15. <u>Continuing Jurisdiction</u>. The Parties desire for and now request the Court
18   to retain jurisdiction over the Civil Action to enforce the terms and conditions of this
19   Consent Decree and to resolve any and all disputes arising under it.

20         We have read and agree to the foregoing in its entirety.

21   Dated: July _3_, 2008.          INLAND EMPIRE WATERKEEPER, a
22                                    Chapter of ORANGE COUNTY
                                      COASTKEEPER
23
24                          By: _____
25                                  Gary Brown, Executive Director

26   Dated: July ____, 2008.          FOOD FOR LIFE BAKING COMPANY
27
28                          By:  _____
                                  _____, President

Page 14
- - - - -
Consent Decree and Dismissal

1  this Consent Decree terminated early.  Under Option 1, FFL may move the Court to

2  terminate this Consent Decree if FFL demonstrates that it has continuously complied

3  with the Pretreatment Permit, the Ordinance, and the Clean Water Act for two full

4  years commencing with the Effective Date of this Consent Decree.  Alternatively,

5  under Option 2, FFL may, not more than 180 days after the Effective Date, move the

6  Court to terminate this Consent Decree if FFL (*i*) implements, within the

7  aforementioned 180-day period, a treatment method that does not require the

8  continuation of FFL's Pretreatment Permit under the Ordinance or the Clean Water

9  Act; and (*ii*) satisfactorily demonstrates that its coverage under the Pretreatment

10  Permit has been lawfully terminated.  During the Term, the Parties' exclusive

11  recourse for resolving disputes between them regarding the terms and conditions of

12  or any Party's compliance with this Consent Decree shall be the dispute-resolution

13  provisions set forth in Article VI above.

14      7.14. Modification of Consent Decree.  This Consent Decree shall not be

15  amended or otherwise modified except by a written agreement signed by a duly

16  authorized representative of each Party and approved by the Court.

17      7.15. Continuing Jurisdiction.  The Parties desire for and now request the Court

18  to retain jurisdiction over the Civil Action to enforce the terms and conditions of this

19  Consent Decree and to resolve any and all disputes arising under it.

20      We have read and agree to the foregoing in its entirety.

21  Dated: July ___, 2008.        INLAND EMPIRE WATERKEEPER, a

22                                Chapter of ORANGE COUNTY
                                  COASTKEEPER

23

24                        By:  _____
                               Garry Brown, Executive Director

25

26  Dated: July *10*, 2008.       FOOD FOR LIFE BAKING COMPANY

27

28                        By:  _____
                                                , President

Page 14

Consent Decree and Dismissal

1   Approved as to form:

2   Dated: July ____, 2008.                 LAWYERS FOR CLEAN WATER, INC.
                                            BRIGGS LAW CORPORATION
3

4                               By: _____
                                    Cory J. Briggs
5
                                    Attorneys   for   Plaintiff   Inland   Empire
6                                   Waterkeeper, a chapter of Orange County
                                    Coastkeeper
7

8   Dated: July ____, 2008.                 BEST BEST & KRIEGER

9
                                By: _____
10                                  Beth S. Dorris

11                                  Attorneys for Defendant Food for Life
                                    Baking Corporation
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Approved as to form:

2  Dated: July 10, 2008.                    LAWYERS FOR CLEAN WATER, INC.
                                            BRIGGS LAW CORPORATION
3

4                                   By:     _Cory J. Briggs_____
                                            Cory J. Briggs
5

6                                           Attorneys   for   Plaintiff   Inland   Empire
                                            Waterkeeper, a chapter of Orange County
7                                           Coastkeeper

8  Dated: July ___, 2008.                   BEST BEST & KRIEGER

9

10                                  By:     _____
                                            Beth S. Dorris
11

12                                          Attorneys for Defendant Food for Life
                                            Baking Corporation
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONSENT DECREE AND DISMISSAL**

Exhibit "A"



**Figure 1.** Location of the RCRCD's Lee Lake Conservation Easement along Temescal Creek. The aerial photograph shows the approximate outline of the 30-acre easement in red and wetland areas in green. -- Summer 2007.   The project will occur within the area of red.

The field portion of the project will target removal and control of non-native exotics, both flora such as giant reed, tamarisk and castor bean (which reduce native habitat and consume large amounts of water) and fauna such as red eared sliders, carp, catfish and other introduced fishes and amphibians that compete with native fish and amphibians for food and cover. The Lee Lake pond and Temescal Creek that flows into it were once excavation ponds from sand and gravel mining operations. The wetlands of the creek have been impacted by both non-native plants and animals and required ongoing control work and monitoring. The work will target the three-acre pond and 2,000 linear feet of watercourse in the easement.

Work on the uplands and some weed control around the pond has been conducted, but funds were insufficient to continue the work into the areas proposed for this project. Baseline funding to conduct some control work and monitoring for a period of no less than three years is proposed.

**Project Plan:**
The goals of this project are to 1) partially restore the hydrologic function of Temescal Creek through this portion of the easement, 2) reduce exotic weeds and fish/amphibian species, 3) monitor water quality of the pond through monthly water quality testing at various locations. Deliverables of the project will be

a. A 95% reduction in exotic weeds and a 50% reduction in exotic aquatic species (ie: bullfrogs, crawdads, carp etc).
b. Partial restoration of the hydrologic functions of the creek though the removal of non-native vegetation and monitoring of native vegetation.
c. Water quality data tracking changes in water quality due to removal of non-native vegetation and improvement of water quality for aquatic species.

A monitoring report will also be created each year and a final report at the end of the project. This work will also complement the removal and control work that has taken place the last two years in the Dos Lagos Easement just north of the project. The project is expected to last for at least three years, or until all funds have been expended.

**Proposed Budget:**

Year 1:  $25,000.  For exotic plant removal and control, purchase of monitoring equipment and supplies. Installation of exclusionary fencing to reduce foot traffic and weed spread. First annual report.

Year 2:  $20,000.  For exotic aquatic species removal and control, continued water monitoring, supplies and staff time. Maintenance of exclusionary fencing and second annual report.

Year 3:  $20,000.  For additional removal, water monitoring and supplies. Installation of signage for project and third annual report.

Year 4:  $20,000.  Continued control of exotics, monitoring and annual report.

Year 5:  $15,000.  Final annual report and as-needed exotics control. Water monitoring.

**Total Expenditures: $100,000**

The Riverside-Corona Resource Conservation District has reviewed the draft consent decrees and the matter of Inland Empire Waterkeeper, a Chapter of Orange County Coast Keeper vs. Food for Life Baking Company Corporation and Inland Empire Waterkeeper, a Chapter of Orange County Coast Keeper vs. Frontier Aluminum Corporation and will reviewed the final consent decree once entered by the court. The Riverside-Corona Resource Conservation District has agreed to accept $35,000 for Food for Life Baking Company and $65,000 from Frontier Aluminum Corporation as part of the settlement in the above referenced matter, and will use such funds for the Temescal Creek and Lee Lake Conservation Easement Amphibian and Fish Recovery Project as outlined in the SEP letter.

None of the funds provided through this settlement will be used for lobbing purposes. Furthermore, this agency will report to the Department of Justice on an annual basis describing the general nature of the work and how much was spent. If you have any questions about the project or would like to visit the project site, please do not hesitate to contact us.

Kerwin Russell
Natural Resources Manager
Riverside-Corona Resource Conservation District